UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Cr. No. 18-10360-MLW |
| JOHN DOE, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                        June 16, 2023

The court has considered defendant Gregorio Andres Gonzelez Sepulveda's[1] Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) (Dkt. No. 205) (the "Motion") and the government's Opposition (Dkt. No. 206). A hearing is not necessary. For the reasons explained below, the Motion is being denied.

Gonzelez Sepulveda pled guilty to conspiring to distribute 40 grams or more of fentanyl, actually doing so, false representation of a Social Security number, and Aggravated Identity Theft. On May 7, 2021, he was sentenced to serve 84 months in prison. J., Dkt. No. 180.

In the Motion, Gonzelez Sepulveda argues for a reduction in sentence in light of his pre-existing medical conditions and COVID-19, pursuant to 18 U.S.C. §3582(c)(1)(A). Motion at 1, Dkt. No.

---

[1] Prior to defendant's guilty plea, Gonzelez Sepulveda's true name was unknown. This case is, therefore, captioned United States v. John Doe. This Memorandum and Order uses Gonzelez Sepulveda's true name.

205. As risk factors, Gonzelez Sepulveda cites "all types of medical complications, from heart disease to diabetes Type-2," as well as "high blood pressure, problems with his vision and high cholesterol." Id. Gonzelez Sepulveda also alleges that he suffered from a "heart stroke." Id. It is unclear what Gonzelez Sepulveda means by this and it is not mentioned in his medical records. See generally Medical Rs., Dkt. No. 205-2. Gonzelez Sepulveda further alleges that the water at FCI Fort Dix is undrinkable due to jet fuel contamination and that the ceilings are covered in black mold, which Gonzelez Sepulveda claims is a "life threat" for his lungs. Motion at 1, Dkt. No. 1.

In deciding a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A), the court must consider the applicable 18 U.S.C. §3553(a) sentencing factors and decide if extraordinary and compelling reasons warrant the requested reduction.

The COVID-19 pandemic was extraordinary. However, it no longer constitutes the emergency that it once did. Vaccinations against COVID-19 are safe, effective, and readily available. On May 11, 2023, the United States Department of Health and Human Services ended the federal Public Health Emergency for COVID-19. Fact Sheet: End of the COVID-19 Public Health Emergency, U.S. Dept. Health & Hum. Servs. (May 9, 2023), https://www.hhs.gov/about/news/2023/05/09/fact-sheet-end-of-the-covid-19-public-health-emergency.html. COVID-19 is also well controlled within the

Bureau of Prisons. As of June 12, 2023, FCI Fort Dix, where Gonzelez Sepulveda is held, has no active COVID-19 cases among inmates or staff. BOP COVID-19 Statistics, Fed. Bureau of Prisons (last visited June 1, 2023), https://www.bop.gov/coronavirus/covid19_statistics.html.

Moreover, even if the COVID-19 pandemic had not ended, Gonzelez Sepulveda would still not be entitled to Compassionate Release. Gonzelez Sepulveda's medical records show that he is 48 years old with Type 2 diabetes and hypertension. See generally Medical Rs., Dkt. No. 205-2. Diabetes is recognized by the Center for Disease Control ("CDC") as a factor that makes a person "more likely to get very sick from COVID-19," while hypertension is "possibly" such a factor. People with Certain Medical Conditions, CDC (Dec. 6, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. During the COVID-19 pandemic, district courts in this circuit have granted compassionate release for persons with diabetes and hypertension. See, e.g., United States v. Ramirez, 459 F. Supp. 3d 333, 345 (D. Mass. 2020). But see United States v. Baez, No. 19-CR-10250, 2020 WL 5535891, at *1 (D. Mass. Sept. 15, 2020) (denying compassionate release to petitioner with type II diabetes and hypertension, holding that safeguards are sufficient to protect from infection).

3

However, Gonzelez Sepulveda has already been infected with COVID-19 and recovered. <u>See</u> Motion at 1-2, Dkt. No. 205. This weighs in favor of denying his Motion. <u>See</u> <u>United States v. Canales-Ramos</u>, 19 F.4th 561, 564, 567 (1st Cir. 2021) (affirming denial of diabetic defendant's petition for compassionate release when defendant had already contracted asymptomatic COVID-19); <u>United States v. Lopez</u>, No. 19-CR-10459-06, 2022 WL 1308467, at *1 (D. Mass. May 2, 2022) (denying compassionate release to defendant with type II diabetes, asthma, and long-term respiratory issues, as defendant had already contracted and recovered from COVID-19); <u>United States v. Dunbar</u>, 471 F. Supp. 3d 386, 389 (D. Mass. 2020) (denying compassionate release to defendant with type II diabetes, hypertension, and asthma, as defendant already tested positive for COVID-19 without symptoms).

Furthermore, as previously noted, safe and effective vaccinations are widely available. It is uncertain whether Gonzelez Sepulveda has been vaccinated. Gonzelez Sepulveda's attorney stated at sentencing that he has been vaccinated. May 6, 2021 Tr. at 44, Dkt. No. 199. The government's memorandum states that Gonzelez Sepulveda has refused vaccination twice. Gov't Opp'n at 6, Dkt. No. 206. The court has not received medical records indicating whether or not Gonzelez Sepulveda has been vaccinated. Regardless, the existence of the vaccine weighs against Gonzelez Sepulveda's Motion. If Gonzelez Sepulveda has been vaccinated, the

risk of his becoming infected and suffering greatly or dying is diminished. See United States v. Gianelli, 534 F. Supp. 3d 161, 163 (D. Mass. 2021) (denying a diabetic defendant's petition for compassionate release in part based on having received COVID-19 vaccination). If Gonzelez Sepulveda has refused vaccination, he should not benefit from failing to take proper precautions to reduce his risk. See United States v. Caine, No. 16-cr-00103, 2021 WL 2269974, at *6-7 (D. Me. June 3, 2021) (denying diabetic defendant's motion for compassionate release in part based on his refusal to become vaccinated).

As to the conditions at FCI Fort Dix, the court credits the government's statement that Bureau of Prisons counsel has reported that the "water supply has been tested by the state and federal EPAs and found to be within appropriate levels." Gov't Opp'n at 6, Dkt. No. 206. With regard to black mold, it is no more dangerous than any other types of molds, and causes symptoms such as sneezing and a runny nose only in those who are hypersensitive or allergic to mold generally. See Can Black Mold Kill You?, WebMD (May 26, 2021), https://www.webmd.com/lung/can-black-mold-kill-you ("There is no evidence that black mold causes symptoms such as fatigue, memory loss, an inability to focus, or a headache. These symptoms have been referred to as 'toxic mold syndrome' but are largely due to media hype."). The existence of black mold does not justify, or contribute to justifying, Gonzelez Sepulveda's release. See United

States v. Engles, No. 19-132, 2022 WL 1062937 (D.D.C. 2022) (denying compassionate release to a prisoner despite Type II diabetes and black mold at FCI Fort Dix).

In addition, in this case the sentencing factors enumerated in 18 U.S.C. §3553(a) "serve as an independent basis for [the] decision to deny a compassionate-release motion." United States v. Saccoccia, 10 F.4th 1, 8 (1st Cir. 2021). Gonzelez Sepulveda's crimes were serious and repeated. He was sentenced for distributing fentanyl on eight dates between May 2018 and August 2018, as well as for false representation of a Social Security number and Aggravated Identity Theft. Gonzelez Sepulveda was previously sentenced to three years in state custody for dealing heroin in 2011. Other courts in the First Circuit have factored in a history of selling drugs when denying motions for compassionate release in similar circumstances. See, e.g., United States v. Greenlaw, No. 18-cr-00098, 2020 WL 5880467, at *1 (D. Me. Oct. 2, 2020) (denying serial drug trafficker compassionate release based on likelihood to reoffend, despite diabetes and COVID-19); United States v. Jones, No. 15-cr-10148, 2020 WL 6205783, at *4 (D. Mass. Oct. 22, 2020) (denying a motion for compassionate release for a defendant with diabetes and hypertension, in part because of his "history as a recidivist drug offender"). A reduction in Gonzelez Sepulveda's sentence now would not adequately protect the community. Nor would it provide adequate deterrence to Gonzelez Sepulveda or to others.

6

Finally, the court has previously considered Gonzelez Sepulveda's history of COVID-19 infection, diabetes, and general health risks. <u>See</u> May 6, 2021 Tr. at 40-44 (Dkt. No. 199). These factors were all raised by defense counsel at sentencing and discussed at length. <u>See</u> <u>id.</u> There is no indication that the defendant's situation has materially deteriorated since sentencing.

In view of the foregoing, the Motion (Dkt. No. 205) is hereby DENIED.

UNITED STATES DISTRICT JUDGE